**In the Matter of the WELFARE OF J.A., Child.**

**No. C3–87–1411.**

Court of Appeals of Minnesota.

Jan. 5, 1988.

Review Denied March 23, 1988.

Lisa A. Hiniker, Jaspers, Moriarty & Walburg, Shakopee, for appellant.

Michael A. Fahey, Carver County Atty., Duane A. Bartz, Asst. Co. Atty., Chaska, for respondent.

Nancy C. Platto, Chaska, guardian ad litem.

Heard, considered and decided by FOLEY, P.J., and SCHUMACHER and STONE,* JJ.

## OPINION

BRUCE C. STONE, Judge.

J.A. was determined to be a dependent child as defined in Minn.Stat. § 260.015 subd. 6(d). Appellant D.A., J.A.'s mother, moved for amended findings or, in the alternative, a new trial. The trial court denied appellant's motion. We affirm.

## FACTS

J.A. was born on December 27, 1986, approximately two months premature, following a high risk, medically complicated pregnancy. Appellant was hospitalized ap-

proximately 12 times during her pregnancy. After J.A. was born, appellant remained hospitalized for eleven days. J.A. remained at Abbott-Northwestern Hospital, where she was born, until January 12, 1987, and then was transferred to Waconia Ridgeview Hospital.

While J.A. was in the hospital, Carver County Community Social Services received reports from doctors who treated appellant during and after her pregnancy relating concerns about appellant's ability to care for J.A. On February 4, 1987, Carver County Community Social Services filed a dependency petition alleging J.A. to be a dependent child because:

> She is without proper parental care because of the emotional, mental, or physical disability, or state of immaturity of her parent, as defined in Minn.Stat. § 260.015 subd. 6(d) * * *.

A memorandum accompanying the petition detailed several occasions where appellant had displayed hostile, abusive, demanding and disruptive behavior towards doctors and nurses who treated her during and after her pregnancy. The memorandum also contained allegations that appellant had threatened suicide and abused drugs and alcohol during her pregnancy. There were no allegations that appellant had abused or neglected J.A.

J.A. was released from the hospital on February 6, 1987, and the trial court ordered she be placed in foster care. At the dependency hearing, several doctors and nurses testified over objection about appellant's violent and unexpected outbursts. A licensed consulting psychologist who evaluated appellant at the request of her physician testified he diagnosed appellant as having intermittent explosive disorder and anti-social personality disorder indicating she could react violently and unexpectedly with little provocation. The trial court found J.A. to be in immediate danger of physical harm when with appellant due to appellant's violent outbursts, and determined J.A. to be a dependent child as defined in Minn.Stat. § 260.015 subd. 6(d).

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ISSUE

Did the trial court err in admitting testimony of doctors and nurses who treated appellant during and after her pregnancy?

## ANALYSIS

█ In her motion for amended findings or a new trial, appellant argued the testimony of the doctors and nurses should have been excluded pursuant to Minn.Stat. § 595.02 subd. 1(d) and (g) (1986), which provide:

(d) A licensed physician or surgeon, dentist, or chiropractor shall not, without the consent of the patient, be allowed to disclose any information or any opinion based thereon which the professional acquired in attending the patient in a professional capacity, and which was necessary to enable the professional to act in that capacity * * *.

(g) A registered nurse, psychologist or consulting psychologist shall not, without the consent of the professional's client, be allowed to disclose any information or opinion based thereon which the professional has acquired in attending the client in a professional capacity, and which was necessary to enable the professional to act in that capacity.

In its memorandum accompanying the order denying appellant's motion for amended findings or a new trial, the trial court stated:

This Court takes the view that the testimony of the doctors in the case at bar falls within the exception to the physician-patient privilege spelled out in [Minn.Stat. § 595.02 subd. 2(a)].

Minn.Stat. § 595.02 subd. 2(a) (1986), which is an exception to the physician-patient/nurse-patient privileges outlined above, provides:

**Exceptions.** (a) The exception provided by paragraphs (d) and (g) of subdivision 1 shall not apply to any testimony, records, or other evidence *relating to* the abuse or neglect of a minor in any proceeding under chapter 260 * * *.

(Emphasis added) This exception is applicable here as this proceeding was brought under Minn.Stat. § 260.015 subd. 6(d) for the purpose of determining whether J.A. is a dependent child.

█ Appellant argues this exception does not apply because there have been no allegations that she has abused or neglected J.A. The language of subd. 2(a) contemplates evidence *relating to* abuse or neglect. There is no requirement that abuse or neglect have already occurred. This interpretation is consistent with the important public policy interest of child abuse prevention. In enacting § 595.02 subd. 2(a), the state legislature apparently determined that in child abuse situations, a patient's confidentiality interest must yield to the state's interest in *preventing* child abuse. *See State v. Friend*, 385 N.W.2d 313, 320 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. May 22, 1986).

In a concise and perceptive memorandum, the trial court found J.A. to be in immediate danger of physical harm when she is with appellant. The testimony of the doctors and nurses concerning appellant's violent and unexpected outbursts constitutes evidence *relating to* abuse or neglect, and thus falls within the exception to the physician-patient/nurse-patient privilege set forth in Minn.Stat. § 595.02 subd. 2(a). The trial court did not err in admitting the doctors' and nurses' testimony.

## DECISION

Affirmed.